[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**August 31, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-16068
Non-Argument Calendar

_____

D.C. Docket No. 04-00026- CR-5- MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL LAVANE HUNTER,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

**(August 31, 2005)**

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Paul Lavane Hunter appeals his convictions for distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (c)(1)(C)(i). The sole issue on appeal is whether the evidence presented at trial was sufficient to support Hunter's convictions. We conclude the evidence was sufficient and affirm the district court.

## I. DISCUSSION

Hunter failed to move for a judgment of acquittal after all the evidence was presented, thus we will "reverse the conviction only to prevent a manifest miscarriage of justice." *See United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). Under this standard, the evidence on a key element of the offense must be "so tenuous that a conviction would be shocking." *Id.* We may not review determinations made by the jury as to the credibility of witness testimony unless such testimony is "incredible as a matter of law." *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999). Testimony is incredible as a matter of law only when it is "unbelievable on its face" and relates to "facts that the witness physically could not have possibly observed or events that could not have

2

occurred under the laws of nature." *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997) (internal quotations and brackets omitted).

## A.     *Distribution of Cocaine*

In order to convict a defendant of distribution of cocaine, the government must prove the defendant knowingly or intentionally distributed or dispensed a controlled substance.  21 U.S.C. § 841(a)(1).  Sergeant Walton and Investigator Beaty testified they set up a controlled buy between William Pennywell and Hunter.  Both officers testified they personally did not have Pennywell in sight during the entire buy, but they each followed Pennywell from their locations and communicated with the other officers about his whereabouts at all times. Investigator Beaty further testified he conducted searches of Pennywell at all integral parts of the controlled buy and Pennywell did not have any cocaine in his possession until after he left Hunter's house for the last time.  Moreover, Pennywell testified he participated in the controlled buy and he received the cocaine from Hunter.  Because the jury found the testimony of Sergeant Walton, Investigator Beaty, and Pennywell credible, and their testimony was not "unbelievable on its face," their credibility may not be reviewed by this Court.  *See Calderon*, 127 F.3d at 1325.  Therefore, the Government's evidence was sufficient

to establish each element of the distribution charge, specifically that Hunter knowingly or intentionally distributed a controlled substance.

B. *Firearms Offenses*

In order to convict a defendant of possession of a firearm by a felon, the government must prove: (1) the defendant has been convicted, in any court, of a crime punishable by imprisonment for a term exceeding one year, and (2) the defendant shipped or transported in interstate or foreign commerce, or possessed in or affecting commerce, (3) any firearm or ammunition. 18 U.S.C. § 922(g)(1). In *United States v. Gunn*, 369 F.3d 1229, 1235 (11th Cir.), *cert. denied*, 125 S. Ct. 324 (2004), we determined that, in order to convict a defendant of possession of a firearm by a felon, the government must prove the defendant had actual or constructive possession of the firearm. We stated: "[a] defendant has constructive possession if he exercises ownership, dominion, or control over the firearm" or if he "has the power and intention to exercise dominion or control." *Id.* Analyzing the sufficiency of the evidence required to support a conviction for possession of a firearm in furtherance of a drug-related crime, we determined: "there must be a showing of some nexus between the firearm and the drug selling operation." *United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002) (internal quotations and citations omitted). We further stated the nexus:

can be established by the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.

*Id.* (internal quotations and citation omitted).

Sergeant Walton testified that, during a search of Hunter's home, he discovered marijuana in a room believed to be Hunter's. Sergeant Walton also testified the marijuana and a firearm found in the closet both were easily accessible from where Hunter was standing. Officer Luther corroborated Sergeant Walton's assertion the room was Hunter's, stating he found numerous pictures of Hunter and documents bearing Hunter's name located in the same room as where the marijuana and firearm were found. Further, Officer Pennington testified she found a loaded firearm in a suitcase bearing Hunter's name located in that same room. Witness Omeca Langston also confirmed she had purchased marijuana from Hunter minutes before the police arrived.

In light of this evidence, the Government sufficiently established Hunter had constructive possession of the firearm found in the closet. From Hunter's location in the room and the evidence the room belonged to him, the Government established Hunter had "ownership, dominion, or control over the firearm," or he

had "the power and intention to exercise dominion or control." *See Gunn*, 369 F.3d at 1235. Furthermore, under the factors set out in *Timmons*, the Government sufficiently established a nexus between Hunter's possession of the firearm and his possession of marijuana by showing the firearm and marijuana were both within Hunter's reach, the firearm was loaded, and Hunter was actively involved in selling marijuana, as evidenced by Langston's testimony. *See Timmons*, 283 F.3d at 1253. Thus, the Government established Hunter, having been previously convicted of a crime punishable by more than one year imprisonment, knowingly possessed a firearm in furtherance of a drug trafficking crime.

## II. CONCLUSION

Hunter has not demonstrated the evidence relating to a key element of any of the charged offenses was so tenuous his conviction would be considered shocking. Accordingly, we affirm his convictions.

AFFIRMED.